**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

American Security Insurance Company, a )   No. 10-CV-954-PHX-GMS
Delaware Corporation,                  )
                                       )   **ORDER**
            Plaintiff,                 )
                                       )
vs.                                    )
                                       )
                                       )
Norcold, Inc., an Ohio Corporation, and)
Thetford Corporation, a Delaware)
Corporation,                           )
                                       )
            Defendants.                )
                                       )
_____)

        Two motions are pending before the Court: (1) Defendant Norcold, Inc.'s Motion to
Dismiss, or in the Alternative, to Transfer Venue (Dkt. # 14), and (2) Plaintiff American
Security Insurance Company's Alternative Cross-Motion for Venue Related Discovery and
Disclosure and Motion to Amend Complaint (Dkt. # 21). For the following reasons, the
Court grants Defendant's alternative motion to transfer venue and denies the remaining
motions as moot.[1]

                               **BACKGROUND**

        Defendant Norcold, Inc. is a Delaware corporation, which manufactures refrigerators

---

        [1] Plaintiff voluntarily dismissed Defendant Thetford Corporation from this case on
May 28, 2010. (Dkt. # 13.)

for use in recreational vehicles and sells its products to manufacturers and wholesalers. Norcold has no offices or permanent agents in Arizona, although Norcold does make their products available for purchase in Arizona at authorized service centers.

Plaintiff American Security Insurance Company is a Delaware corporation that issues insurance policies. Several individuals insured by Plaintiff suffered property damage when Norcold-manufactured refrigerators caught fire in Florida. Plaintiff apparently covered all losses related to the fires. Plaintiff now brings the action in its own name as subrogee, alleging various common law and statutory products liability claims. Defendant asserts that this Court lacks personal jurisdiction and that, regardless of the jurisdictional question, this case should be transferred to the Southern District of Florida.

## DISCUSSION

The Court need not decide whether it has personal jurisdiction over Defendant, nor is it dispositive whether venue is proper in Arizona, because the Court finds that transfer to the Southern District of Florida is proper. "A defendant for whom venue is proper but inconvenient may move for a change in venue under 28 U.S.C. § 1404(a)." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties do not dispute that the case might have been brought in the Southern District of Florida, so the Court need only determine whether a transfer would be convenient and in the interests of justice. In determining whether transfer is proper, a court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum," as well as "private and public interest factors affecting the convenience of the forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Ninth Circuit has provided a non-exclusive list of factors that courts should consider:

(1) the location where the relevant agreements were negotiated and executed;
(2) the state that is most familiar with the governing law; (3) the plaintiffs'
choice of forum; (4) the respective parties' contacts with the forum; (5) the

contacts relating to the plaintiff's cause of action in the chosen forum (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  On balance, these factors weigh in favor of transfer, and Plaintiff's Response offers no persuasive argument to the contrary.[2]

In this case, the facts relating to the parties' connections to both Arizona and Florida, particularly as they relate to the underlying facts of this case, support transfer to Florida. Defendant's only connection to Arizona seems to be that it allows its products to be sold in Arizona, but Plaintiffs do not allege that the insureds purchased anything from Defendants in Arizona or for use in Arizona.  While Plaintiff has its principal place of business in Arizona, Plaintiff does not dispute that it is authorized to do business in Florida and to issue policies to Florida residents.  Nor does Plaintiff explain how Florida would be an inconvenient forum for it.

The facts underlying this case also favor transfer.  Where the facts relating to a case have little to no connection with the forum state, then transfer is appropriate. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118–19 (transferring a case from California to Hawaii where many of the relevant facts underlying the case occurred in Hawaii); *Allstate Ins. Co. v. Wal-Mart Stores, Inc.*, 2000 WL 960736, at *3 (N.D. Ill. 2000) (finding that, in a case based on fifteen fires covered by insurance policies, venue was appropriate in North Carolina because five of the fires occurred there and the majority of the remaining fires occurred in states near North Carolina).  Similarly to *Ventress* and *Allstate*, in this case, the insureds apparently purchased the refrigerators for use in Florida, the fires occurred in Florida, and the insureds suffered property damage in Florida.  Plaintiff does not allege that the insureds purchased refrigerators from Defendant in Arizona or that the insureds ever even intended

---

[2] Plaintiff's Response focuses largely on whether venue is proper in Arizona. Whether venue is proper in Arizona, however, is a separate question from whether transfer is appropriate. *Compare* 28 U.S.C. § 1404 *with* 28 U.S.C. § 1391.

1   to use the refrigerators while in Arizona.  The insureds also apparently received their

2   insurance policies from Plaintiff while living in Florida.  While the "claims investigation and

3   adjustment" relating to Plaintiff's demand for payment originated in Arizona, this lawsuit is

4   not based on claims investigation or adjustment.

5       For similar reasons, Plaintiff's choice of forum does not weigh heavily in favor of

6   Arizona.  While a plaintiff's choice of forum is typically entitled to significant weight,

7   Plaintiff's choice of Arizona is entitled to only "'minimal consideration'" because "'the

8   operative facts have not occurred within [Arizona]'" and Arizona "'has no particular interest

9   in the parties or the subject matter.'" *Rare Breed Distilling v. Heaven Hill Distilleries*, 2010

10  WL 335658, at *2 (N.D. Cal. Jan. 22, 2010) (quoting *Pac. Care & Foundry Co. v. Pence*,

11  403 F.2d 949, 954 (9th Cir. 1968)).

12      Practical factors relating to case management and disposition also favor transfer.  For

13  example, many of the witnesses would be from Florida, such as the insureds, any witnesses

14  to the fires, and even Plaintiff's own expert investigator.  The only potential witness from

15  Arizona would be the claims adjuster in the Phoenix office, but this one witness's

16  convenience does not outweigh the overall convenience to the remaining witnesses.

17  Furthermore, because it appears that Florida law likely would govern many of the claims,

18  Florida courts would be best equipped to decide these legal issues.

19      The Court denies Plaintiff's motions as moot.  The proposed amended complaint

20  would not affect the Court's analysis of venue.  The proposed complaint lists three more

21  insured individuals who suffered injuries resulting from Defendants' products.  None of the

22  facts in the proposed amended complaint add any more facts relating to Arizona.  To the

23  contrary, two of the insureds are residents of Florida, and one is from Alabama, which is

24  geographically much closer to Florida than to Arizona.  Similarly, it is unlikely that allowing

25  discovery relating to venue would aid the Court's determination, as Plaintiff has not

26  indicated, either in its briefs or in its proposed complaint, that any additional facts would

27  weigh in favor of maintaining venue in Arizona.

28      **IT IS THEREFORE ORDERED** that Defendant's Alternative Motion to Transfer

1    Venue (Dkt. # 14) is **GRANTED**.

2         **IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for Venue Related

3    Discovery and Disclosure and Plaintiff's Motion to Amend Complaint (Dkt. # 21) are

4    **DENIED** as moot.

5         **IT IS FURTHER ORDERED** directing the Clerk of the Court to transfer this matter

6    to the Southern District of Florida.

7         DATED this 23rd day of July, 2010.

8

9    _____

10                 G. Murray Snow
                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28